KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (SBN 111536)
GIA L. CINCONE (SBN 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: ggilchrist@kilpatricktownsend.com, gcincone@kilpatricktownsend.com

Attorneys for Plaintiff
WILLIAMS-SONOMA, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS-SONOMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARGENTO SC BY SICURA INC., <br><br> Defendant. | Case No. 3:15-cv-4751 JCS <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> CMC Date: February 26, 2016 <br> CMC Time: 2:00 p.m. |

Plaintiff Williams-Sonoma, Inc. ("WSI") and Defendant Argento SC by Sicura Inc. ("Argento") jointly submit this Case Management Statement and Proposed Order.

**1.   Jurisdiction and Service.**

WSI's first, second, and third claims arise under the Lanham Act. This Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. § 1121, and supplemental jurisdiction over WSI's state law claims pursuant to 28 U.S.C. § 1367.

Argento was served on December 8, 2015. No issues exist concerning personal jurisdiction or venue. Argento intends to file and answer and counterclaims (the "Counterclaims") predicated upon the same allegations that served as the foundation for Argento's previously-filed cancellation action against WSI that is presently pending before the T.T.A.B. (the "TTAB Proceeding"). In the TTAB Proceeding, Argento sought to cancel WSI's "Hold Everything" mark for retail store services in the

field of containers and storage devices (the "HOLD EVERYTHING Mark") on the grounds of abandonment and fraud upon the USPTO, by filing a renewal of the EVERYTHING Mark after said abandonment. The TTAB Proceeding is being stayed in light of this action.

**2. Facts.**

WSI is a Delaware corporation with its headquarters and principal place of business at 3250 Van Ness Avenue, San Francisco, California 94109. WSI is a premier specialty retailer of home furnishings and related products for every room in the home. WSI owns a federal registration for its HOLD EVERYTHING® trademark for retail store services in the field of containers and storage devices. WSI's registered and common law marks for HOLD EVERYTHING are collectively referred to as the "HOLD EVERYTHING Marks."

Argento is a New York corporation with its principal place of business at 1407 Broadway, Suite 2201, New York, New York 10018. Argento is an industry leader in the design, manufacture and wholesale of various housewares and home decor items. Argento sells its products to various national retailers including, without limitation, Home Goods, TJMaxx, Bed, Bath and Beyond and Ross Stores. Argento is marketing and selling a line of products branded as HOLD EVERYTHING, which includes products and related retail services designed for home, closet, and office organization.

WSI claims that Argento's HOLD EVERYTHING brand name is likely to cause confusion among consumers and dilute the distinctiveness of the HOLD EVERYTHING Marks, and that Argento's conduct constitutes infringement, dilution, and unfair competition under federal and California law.

Argento claims that WSI abandoned the HOLD EVERYTHING Marks, perpetrated a fraud upon the USPTO when WSI renewed the HOLD EVERYTHING Marks, and denies any and all liability under federal and California law.

**Factual Issues:** The principal factual issues in dispute include the following. This list is not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Furthermore, the characterization of an issue as factual is not necessarily a concession that it is not legal, or both factual and legal.

a. Whether Argento has sold, offered for sale, distributed or advertised products bearing a brand name that is identical to WSI's HOLD EVERYTHING Marks.

b. Whether Argento's use of its HOLD EVERYTHING brand name is likely to cause confusion, mistake or deception among consumers and potential consumers.

c. Whether Argento intended to cause confusion, mistake or deception among consumers and potential consumers.

d. Whether Argento's use of its HOLD EVERYTHING brand name dilutes or is likely to dilute WSI's HOLD EVERYTHING Marks.

e. Whether WSI has been damaged by Argento's use of its HOLD EVERYTHING brand name, and if so, to what extent.

f. Whether WSI ceased use of the HOLD EVERYTHING Marks.

g. Whether WSI abandoned the HOLD EVERYTHING Marks.

h. Whether WSI perpetrated a fraud upon the USPTO when it renewed the HOLD EVERYTHING Marks after abandoning them.

**3. Legal Issues.**

This list is not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Furthermore, the characterization of an issue as legal is not necessarily a concession that it is not factual, or both factual and legal.

a. Whether WSI has abandoned its HOLD EVERYTHING Marks.

b. Whether WSI is entitled to retain its HOLD EVERYTHING Marks.

c. Whether WSI perpetrated a fraud upon the USPTO when it renewed the HOLD EVERYTHING Marks.

d. Whether WSI's HOLD EVERYTHING Marks are valid and enforceable.

c. Whether WSI's HOLD EVERYTHING Marks are distinctive, famous, and meets the prerequisites of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

d. Whether Argento's use of its HOLD EVERYTHING brand name constitutes infringement and dilution of WSI's HOLD EVERYTHING Marks and unfair competition under the

federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

    e. Whether Argento's use of its HOLD EVERYTHING brand name constitutes infringement and dilution of WSI's HOLD EVERYTHING Marks and unfair competition under California law.

    f. Whether WSI is entitled to damages, injunctive relief, and/or an accounting of and recovery of Argento's profits.

**4. Motions.**

WSI anticipates filing a motion for summary judgment. Argento also anticipates filing a motion for summary judgment.

**5. Amendment of Pleadings.**

WSI does not anticipate amending its complaint, unless discovery indicates that additional defendants need to be named in order to ensure complete relief. The parties propose that any amendment be completed by May 30, 2016. In the event that pleadings are amended after the commencement of discovery, the parties recognize that a revised discovery schedule may be required.

**6. Evidence Preservation.**

WSI has identified custodians with relevant documents relating to the HOLD EVERYTHING Marks and gathered relevant documents from those custodians. WSI has also sent a litigation hold notice to relevant custodians instructing them to retain any relevant documents, emails, or other computer files.

Argento agrees to preserve all evidence potentially relevant to this matter.

**7. Disclosures.**

The parties intend to exchange their Rule 26 initial disclosures on March 11, 2016.

**8. Discovery.**

No discovery has yet been taken. The parties expect to agree upon a stipulation regarding the entry of a protective order governing documents and information to be disclosed in the course of this litigation. Thereafter, the parties anticipate exchanging document requests and other written discovery and cooperating in arranging depositions of pertinent party and non-party witnesses. The parties do not propose any other changes with regard to the timing, form, or requirement for disclosures under

Fed. R. Civ. P. 26(a). The parties have not agreed to any limitations on the subject matter of discovery, and are to complete discovery within the time limits to be set by the court. Should the need arise at a later date to amend these deadlines, they may be modified by stipulation and order or motion supported by good cause.

**9. Class Actions.**

This is not a class action.

**10. Related Cases.**

There are no related cases pending in this Court. Argento's Counterclaims are also presently the subject of the TTAB Proceeding. In light of the instant action, the TTAB Proceeding is being stayed.

**11. Relief.**

WSI will seek damages for Argento's violations of WSI's trademark rights. Given that discovery with respect to damages has not yet begun, WSI is unable to compute damages at this time. WSI may seek recovery of extraordinary damages and recovery of its attorneys' fees in the event that discovery shows Argento's conduct was willful. WSI's complaint also seeks injunctive relief.

Argento seeks a finding that WSI abandoned the HOLD EVERYTHING Marks, and that WSI perpetrated a fraud upon the USPTO by renewing same, and seeks cancellation of the HOLD EVERYTHING Marks.

**12. Settlement and ADR.**

The parties have engaged in settlement discussions, but to date, have not been able to agree on a resolution of their dispute.

The parties agree on mediation as their ADR process.

**13. Consent to Magistrate Judge.**

The parties consent to assignment to a Magistrate Judge.

**14. Other References.**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**

WSI does not believe that the issues in dispute can be narrowed beyond what may be resolved on summary judgment.

Argento contends that the issue of whether or not WSI abandoned the HOLD EVERYTHING Marks is a threshold issue which can and should be determined first because it will determine the direction of the balance of WSI's claims.

**16.     Expedited Schedule.**

The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

**17.     Scheduling.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Last Day to Amend Pleadings: | July 31, 2016 |
| Fact Discovery Cutoff: | August 31, 2016 |
| Expert Disclosures: | October 15, 2016 |
| Rebuttal Expert Disclosures: | November 12, 2016 |
| Expert Discovery Cut-off: | December 31, 2016 |
| Last Date to File Dispositive Motions | February 16, 2017 |
| Trial: | May 8, 2017 |

**18.     Trial.**

The parties expect that the trial will last three to five court days.  WSI has demanded a jury.

**19.     Disclosure of Non-party Interested Entities or Persons.**

WSI has filed its certification as required by Civil Local Rule 3-16.

**20. Other Items.**

None.

Dated: February 19, 2016  Respectfully submitted,

KILPATRICK TOWNSEND AND STOCKTON LLP

By: */s/ Gregory S. Gilchrist*
    GREGORY S. GILCHRIST

Attorneys for Plaintiff
WILLIAMS-SONOMA, INC.

JOSEPH & COHEN, PC

By: */s/ Nicole P. Dogwill*
    NICOLE P. DOGWILL

Attorneys for Defendant
ARGENTO SC BY SICURA INC.

IT IS SO ORDERED.

DATED: _____   _____
    Hon. Joseph C. Spero
    United States Magistrate Judge

# PROOF OF SERVICE

I, Shelley Lott, declare:

I am employed in the City and County of San Francisco, California; I am over the age of 18 years and not a party to the within action; my business address is Two Embarcadero Center, Eighth Floor, San Francisco, California 94111. On the date set forth below, I served a true and accurate copy of the document(s) entitled **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** on the party(ies) in this action by placing said copy(ies) in a sealed envelope each addressed as follows:

**By Agreement**
Aaron J. Solomon
Darren Oved
Oved & Oved, LLP
401 Greenwich Street
New York, New York 10013
Email: aaron@ovedlaw.com; darren@ovedlaw.com
Telephone: 212.226.2376
Facsimile: 212.226.7555

☐ [By Electronic Transmission] I caused said document to be sent by electronic transmission via LexisNexis File & ServeXpress.

☒ [By E-Mail] I caused said document to be sent by electronic transmission to the e-mail address(es) indicated for the party(ies) listed above.

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the within document(s) at my place of business, by placing a true copy thereof, enclosed in a sealed envelope, with postage thereon fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier] I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressee(s).

☐ [By Hand] I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date.

☐ [By Facsimile Transmission] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this date at San Francisco, California.

Dated: February 19, 2016

Shelley Lott